MODESTO APONTE HERNÁNDEZ, demandante y apelado, *v.* JEROME WALLER & Co., INC., demandada y apelante.

No. 4963.—*Sometido:* Marzo 14, 1930. *Resuelto:* Mayo 7, 1931.

*Frazer & Castro Fernández,* abogados de la apelante; *Luis Mendín Sabat,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Modesto Aponte Hernández demandó a Jerome Waller & Co., Inc., sobre pago de $739.37, costas, gastos, y honorarios de abogado. La demandada, negando alegaciones esenciales de la demanda, contestó, y contrademandó por $47.49. El demandante contestó la contrademanda.

Se oyó el caso en juicio ante la Corte de Distrito de Humacao, y ésta dictó sentencia a favor de la parte demandante por $739.37, desestimando la contrademanda.

De la opinión de la corte de distrito tomamos los párrafos siguientes:

"La primera cuestión que surge en este caso es la interpretación y extensión que ha de darse al referido contrato de comisión.

"No hay duda alguna, y está aceptado por ambas partes, que la demandada por medio de su representante Sr. Álvarez, comisionó al demandante para la compra de tabaco mediante una comisión de $2.00 por quintal.

"De la prueba y de las alegaciones que se han presentado en el presente pleito aparece que hubo cierta compra de tabaco ascendente a 393 quintales y 43 libras, adquiridos de Julio Muñoz Dieppa, y sobre cuya compra alega la demandada que el demandante no tenía derecho a comisión alguna por haber llevado a cabo esta transacción directamente y sin intervención del demandante Aponte.

"Éste es el punto sobre el cual gira toda la controversia habida en este caso: La prueba demuestra que para llevar a cabo dicha transacción, Aponte llamó a Álvarez a San Juan; que estuvo varias veces en unión de éste a ver el tabaco; que existieron ciertas dificultades para llevar a cabo la transacción en atención a que Álvarez no quería parte del tabaco, y que Aponte, para facilitarla, se entrevistó con su amigo Santiago Iglesias, quien estuvo conforme en aceptar el tabaco que Álvarez rechazara para así facilitar la transacción, y que Aponte se ganara algo, hechos todos que en conjunto, demuestran, a nuestro juicio, que hubo una intervención directa de Aponte en la transacción, que él gestionó la misma desde un principio, y que en puridad de verdad, él tiene derecho a obtener una remuneración por su trabajo, ya que no podemos estar conformes con las manifestaciones de la demandada en el sentido de que Aponte gestionara solamente por ayudar a Álvarez a que llevara a cabo y realizara el negocio."

La corte de distrito, prescindiendo del nombre que las partes, o cualquiera de ellas haya querido dar al contrato, ha ido a la esencial naturaleza del mismo, y ha encontrado uno de comisión, que es el que en realidad existe en el caso, y el que resulta de alegaciones y prueba. En cuanto a la apreciación que de ésta hizo, para llegar a la conclusión a que llegó, no se ha atacado alegando prejuicio, pasión o parcialidad, ni manifiesto error; pero si hubiéramos de decidir acerca de tal apreciación de prueba, diríamos

que ella fué correcta. La lectura del récord taquigráfico difícilmente podría llevar a otra conclusión que a la que llegó el juez de distrito.

La apelante intenta sostener que la demandada encargó al demandante que *comprase* tabaco, y que para ello le entregó $1,200, y que todo lo que él tratase o comprase fuera de esa suma era en exceso de sus atribuciones. No podemos convenir en esto. La prueba demuestra que las primeras compras para las que entregó la demandante los $1,200, excedieron de esa suma, y la demandante pagó la diferencia.

No podemos tampoco aceptar el significado de la palabra "compra" que se sostiene por la apelante. Hay seria diferencia entre comprar para sí, y comprar para otro. En el primer concepto no cabe otro contrato que el de compraventa directa; en el segundo puede existir el de mandato civil, o el de mandato mercantil, además de aquél.

La corte de distrito vió con toda claridad el problema; realmente lo que aquí hubo fué un contrato de comisión, y para nosotros no es dudoso que sea de comisión mercantil, por tratarse de una operación de comercio, y ser el comitente comerciante, por lo que de las alegaciones aparece.

En lo que hace relación con la compra de 393 quintales 43 libras de tabaco a Julio Muñoz Dieppa, hubo prueba contradictoria; y el juez dió crédito a la de la parte demandante. Ni se ha insinuado que procediera con pasión, parcialidad o prejuicio, ni aparece error en su apreciación.

Los errores asignados por la apelante no tienen confirmación en los autos.

Por estas razones debe confirmarse la sentencia apelada.